GARNETT M. ROBERTS, Respondent, *v.* PHILIP F. DONOHUE et al., Appellants.

**Pleading — summary judgment — action on bond — where answer raises issue as to amount due, summary judgment is improper.**

Rule 113 of the Rules of Civil Practice provides for summary judgment in an action to recover a debt or a liquidated demand arising on contract or on a judgment for a stated sum where, on the papers presented to the court, it is possible to calculate the amount of the judgment to which the plaintiff is entitled. No further proof must be required. An order for summary judgment should, therefore, be denied in an action to recover on a bond given to secure payments of alimony, where the answer raises a question as to whether defendant is liable for the full amount sued for. Whether, under such circumstances, the separate defense is sufficient in law on its face, is immaterial.

*Roberts* v. *Donohue*, 221 App. Div. 348, modified.

(Argued October 6, 1927; decided November 22, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered June 29, 1927, which reversed an order of Special Term granting a motion by defendant for judgment on the pleadings and remitted the matter to the Special Term to determine the amount of alimony due and enter summary judgment in favor of plaintiff therefor.

The following questions were certified:

" 1. Does the complaint herein state facts sufficient to constitute a cause of action?

" 2. Is the separate defense contained in the answer sufficient in law upon the face thereof?

" 3. Upon the papers on which the order of the Special Term appealed from was granted, was plaintiff entitled to an order granting her motion for summary judgment?"

*Frank W. Chambers* and *Henry Siegrist* for appellants. Upon the papers before the court, the plaintiff was not entitled to an order granting her motion to strike out the answer and for summary judgment in her favor, and the third question certified should be answered in the negative. (*Smith* v. *Molleson,* 148 N. Y. 241; *Catskill National Bank* v. *Dumary,* 206 N. Y. 550; *Bank of Italy* v. *Mechanics Nat. Bank,* 236 N. Y. 106; *American Rattan & Reed Mfg. Co.* v. *Cone,* 198 App. Div. 843.)

*John B. Doyle* for respondent. The facts alleged in the complaint constitute a complete cause of action showing that under the right construction or interpretation of their undertaking defendants were obligated to pay the plaintiff $4,500 at the commencement of this action. (*Gamble* v. *Cuneo,* 21 App. Div. 413; 162 N. Y. 634; *Smith* v. *Molleson,* 148 N. Y. 241; *Sachs* v. *American Surety Co.,* 72 App. Div. 60; 177 N. Y. 551; *Everson* v. *Gere,* 122 N. Y. 290; *Catskill Nat. Bank* v. *Dumary,* 206 N. Y. 550.) Upon the papers at Special Term plaintiff was entitled to an order granting her motion for summary judgment. (*General Investment Co.* v. *Interborough Rapid Transit Co.,* 235 N. Y. 133; *Gravenhorst* v. *Zimmerman,* 236 N. Y. 22; *Curry* v. *Mackenzie,* 239 N. Y. 267; *O'Meara Co.* v. *National Park Bank,* 239 N. Y. 386.)

ANDREWS, J. The Appellate Division has reversed an order of the Special Term granting judgment to the defendants on the pleadings, the motion having been made under Civil Practice Act, section 277. Its action was proper. On its face the complaint states a cause of action.

It has also reversed a portion of the same order denying a motion by the plaintiff upon affidavits and pleadings to strike out the answer and for summary judgment under rule 113, and has granted an order remitting the matter to the Special Term to determine the amount due the plaintiff, with directions for summary judgment in

her favor for the amount so found. From the papers submitted it appears that on June 30, 1925, the plaintiff obtained a decree of separation from her husband. Alimony was fixed at $1,000 a month. Upon certain conditions, however, the husband was allowed to apply to a referee to determine whether this amount should be reduced, paying his wife meanwhile $500 a month. The husband failed to perform these conditions. On August 18th he was relieved of this default. The order provided that he pay his wife all arrears at the rate of $500 per month, beginning on July 1st, and give security in the sum of $5,000 " to secure future payments of said alimony." Within ten days he was to consent to a reference to determine whether the original allowance of $1,000 was excessive. If he failed to consent, the original allowance was to stand and he was to secure its payment by a bond of $10,000.

The husband filed his consent to the reference in due time and performed the conditions imposed upon him. Among other things, he gave an undertaking signed by the defendants. It recited the order of August 18th requiring security " for the payment of alimony in the sum of $500 monthly," and the defendants agreed to pay on demand " all alimony which may be awarded to " the plaintiff " pursuant to the said order " not exceeding $5,000. The reference proceeded and on December 18th, 1926, upon a report an order was made finally fixing the amount of alimony at $1,000 a month from the date of the original decree.

The amount of the future payments of alimony awarded by the order of August 18th was $500 a month from September 1st, 1925, to December 18th, 1926 — a period of sixteen months. This is plainly the meaning of the undertaking viewed in connection with the order under which it was given. As $500 has admittedly been paid by the defendants, there remains due $7,500 for which defendants would be responsible to the extent of $4,500.

To recover that sum the action is brought. The answer, among other things, alleges that the plaintiff has received alimony in excess of $5,000, in reality $6,000. But down to the commencement of the action at $1,000 a month, the amount finally found due to the plaintiff from her husband, $19,000 alimony would be owing. On this should be credited not only the $500, but $6,000 paid by the husband, leaving the balance of $12,500 mentioned in the complaint.

How and when this $6,000 was paid nowhere appears. Nor on what applicable. If on the temporary $500 a month payments, then the defendants are liable for $1,500. If on $1,000 a month from July 1st, 1925, then for $4,500. (Six months from July, 1925, is December, 1925, which would exhaust the $6,000. December, 1925, to December, 1926, date of order, is twelve months, $12,000, or secured by bond $6,000. Less $500 paid, $5,500.)

With such a question unsolved this does not seem to be a case for summary judgment. Rule 113 provides for such a judgment in an action to recover a debt or a liquidated demand arising on contract or on a judgment for a stated sum. On the papers presented to the court it must be possible to calculate the amount of the judgment to which the plaintiff is entitled. No further proof must be required. That is not the situation here. Some amount is due the plaintiff. Whether $4,500 or a less sum is not disclosed. The order for summary judgment should be denied.

Whether the separate defense is sufficient in law on its face is immaterial. The answer denies the allegation as to the amount of alimony due, and raises this issue.

The order of the Appellate Division should be affirmed in so far as it refuses to dismiss the complaint, and reversed in so far as it remits the matter to the Special Term with directions to grant summary judgment, and the order of the Special Term denying the motion for summary

judgment should be affirmed, with costs in this court to the appellants. The first question certified should be answered in the affirmative and the third in the negative. The second should not be answered.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG and O'BRIEN, JJ., concur; LEHMAN, J., not sitting.

Ordered accordingly.